*E-Filed 2/17/11*
2/18/11

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

GARY GEE, ROXANNE MAZARAKIS, and JODY SOTO, individually, on behalf of others similarly situated, and on behalf of the general public,

   Plaintiff,

   v.

SUNTRUST MORTGAGE, INC., and DOES 1-50, inclusive,

   Defendants.

No. C 10-1509 RS

**ORDER GRANTING MOTION FOR CONDITIONAL CLASS CERTIFICATION AND DISTRIBUTION OF NOTICE**

## I. INTRODUCTION

Plaintiffs Gary Gee, Roxanne Mazarakis, and Jody Soto filed suit against defendant SunTrust Mortgage, Inc. alleging that they were denied overtime wages in violation of the Federal Labor Standards Act (FLSA), the California Labor Code, and California's Unfair Competition Law. They seek to represent similarly situated employees in a nationwide collective action under the FLSA and in a class action involving the state law claims. In the present motion, plaintiffs move for conditional class certification on their FLSA claim. Pursuant to Civil Local Rule 7-1(b), the matter is suitable for disposition without oral argument. For the reasons stated below, the motion for conditional certification is granted for the purpose of notification.

## II.  BACKGROUND

SunTrust originates and services residential mortgages.  It maintains offices in nineteen states and services customers throughout the country.  According to plaintiffs' first amended complaint (FAC), Gee worked as a Mortgage Underwriter for SunTrust in Concord, California from September 2005 to May 2009.  Mazarakis worked for SunTrust from August 2007 to March 2008 as a Mortgage Underwriter in Roseville, California.  Soto, also a SunTrust Mortgage Underwriter, was employed from November 2007 to March 2008 in the Roseville, California office.  As part of their job responsibilities, plaintiffs were required to complete a certain number of files each day.  In order to finish their work, plaintiffs allege that they regularly labored more than eight hours per day and forty hours per week.

In support of this motion, plaintiffs filed declarations from plaintiffs Gee and Mazarakis, as well as three additional people who worked or are presently working as SunTrust Mortgage Underwriters.[1]  The primary duty of each was "to review mortgage loan applications to ensure that they conformed to various detailed policies and guidelines."  They did not determine which loan products the company offered and they were not involved in developing underwriting guidelines.  Additionally, each declarant states that he or she was evaluated "in part" based on productivity and had to complete a certain number of files per day.[2]

According to SunTrust, five subcategories of Mortgage Underwriters exist: Mortgage Underwriter 1, Mortgage Underwriter 2; Mortgage Underwriter 3; Technical Expert; and Team Lead.  The main difference among the first three levels is the maximum loan amount which the employee is authorized to approve.  The authority levels during the relevant period were: $850,000 (Mortgage Underwriter 1); $1,000,000 (Mortgage Underwriter 2); and $1,500,000 (Mortgage Underwriter 3).  Technical Experts handle complex loans, may be required to train less experienced underwriters, and can authorize loans up to $2,000,000.  Team Leads possess "even more divergent" duties, including functioning as group leaders that train and review the work of lower level

---

[1]  Phyllis Lewis worked in Laguna Hills, California from September 2007 to September 2008.  Wendy Corbin has worked in SunTrust's Richmond, Virginia office since April 2009 and Dawn Dillard has been employed since November 2009 in Atlanta, Georgia and Richmond, Virginia.

[2]  The number of files each employee states he or she was required to complete per day varies between four (Mazarakis, Corbin, Dillard), four to five (Lewis), and five to seven (Gee).

underwriters. Based on these contentions, plaintiffs agreed in their Reply to limit their proposed class to the first three levels of underwriters.

### III. LEGAL STANDARD

The FLSA provides employees with a private right of action to enforce the minimum wage and overtime provisions of the Act. *See* 29 U.S.C. § 216(b). Named plaintiffs may bring an action, not just on their own behalf, but also for "other employees similarly situated." *Id.* Employees seeking to join the suit as part of a collective action must consent in a writing filed with the court. *See id.*; *Hill v. R+L Carriers, Inc.*, 690 F. Supp. 2d 1001, 1008 (N.D. Cal. 2010) (explaining that, unlike class actions brought under Federal Rule of Civil Procedure 23, FLSA collective actions require individual members to "opt-in").

Determining whether a suit may properly be maintained as a FLSA collective action is within the discretion of the court. *See Leuthold v. Destination Am.*, 224 F.R.D. 462, 466 (N.D. Cal. 2004). Courts in this District apply a two-step approach to determine whether the putative class is "similarly situated." *See*, *e.g.*, *id.* at 467; *Lewis v. Wells Fargo & Co.*, 669 F. Supp. 2d 1124, 1127 (N.D. Cal. 2009). In the first step, the court makes an initial determination whether conditionally to certify the class for purposes of providing notice of the pending suit to potential members. *See Leuthold*, 224 at 467. In the second step, usually after the close of discovery, the defendant may move for decertification. *Id.* Based on greater factual evidence, the court at this stage generally applies a more "stringent" analysis. *Id.*

Plaintiffs bear the burden of demonstrating that members of the proposed class are similarly situated. *Id.* at 466. At the notice stage, however, the standard for certification is "a lenient one that typically results in certification." *Hill*, 690 F. Supp. 2d at 1009 (citation omitted). Courts primarily make this initial determination based on pleadings and affidavits and may grant conditional certification on "nothing more than substantial allegations that the putative class members were together the victims of a single, decision, policy, or plan." *Newton v. Schwarzenegger*, No. C 09-5887 VRW, 2010 U.S. Dist. LEXIS 64008, at *8 (N.D. Cal. June 7, 2010) (internal quotation marks and citation omitted). Plaintiffs are only required to show that they are in a "similar" position as other class members, not an identical one, with respect to their FLSA claim. *See Morton v. Valley*

*Farm Transp., Inc.*, No. C 06-2933 SI, 2007 U.S. Dist. LEXIS 31755, at *6 (N.D. Cal. Apr. 13, 2007).

## IV.  DISCUSSION

A.  Conditional Class Certification

In their FAC, plaintiffs seek conditional certification of a class consisting of: "All Persons who are, have been, or will be employed by Defendant SunTrust Mortgage, Inc., as 'Mortgage Underwriters' within the United States at any time within three years of the filing of this Complaint to the final disposition of this case." FAC ¶ 30.  Plaintiffs filed their suit on April 8, 2010.  Thereafter, on July 12, 2010, SunTrust reclassified all Mortgage Underwriters as non-exempt employees entitled to overtime under the FLSA.  Thus, although plaintiffs initially sought to preserve the claims of employees through termination of the suit, the appropriate proposed class at this point includes individuals employed no later than July 11, 2010.  According to SunTrust, approximately 400 persons worked as Mortgage Underwriters during the relevant period.[3]

SunTrust argues that collective treatment is not warranted because plaintiffs have not established either: (1) that they are affected by a single decision, policy, or plan; or (2) that they share similar job duties.  Under the "single decision, policy, or plan" standard, employees with disparate job functions may be similarly situated with respect to a FLSA claim where they are uniformly subject to an allegedly wrongful policy.  In *Newton*, the court granted conditional class certification to California correctional officers representing a "variety" of job classifications.  2010 U.S. Dist. LEXIS 64008, at *2-3.  All were affected by then Governor Schwarzenegger's Executive Order mandating that most state workers be given two uncompensated days off per month.  *Id.* at *4.  As implemented in the state prison system, the correctional officers were compelled to work on unpaid "furlough" days in exchange for future days off.  *Id.*  The workers' claims, related to the unpaid days, raised similar issues making them suitable for class treatment, despite differences in employees' work-related duties.

---

[3]  SunTrust made this estimate prior to plaintiffs' eliminating Technical Experts and Team Leads from the proposed class.

No. C 10-01509 RS
ORDER GRANTING MOTION FOR CONDITIONAL CLASS CERTIFICATION
4

In this case, plaintiffs allege that SunTrust uniformly classified Mortgage Underwriters as exempt employees. As both parties acknowledge, a misclassification claim, standing alone, is insufficient as a "single policy" warranting class treatment. *See Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 946 (9th Cir. 2009) (declining, in a Rule 23 context, to adopt a bright-line presumption in favor of certification based on uniform exemption and explaining that courts should focus on the relationship between individual and common issues). Uniform exemption classifications and other "standardized corporate policies and procedures," still represent relevant factors in evaluating class certification, as they may indicate that employees' job duties are similar. *Id.*

According to SunTrust, Mortgage Underwriters do not comprise a class of similarly situated employees because of their varied job responsibilities. They contend that a determination regarding whether an employee is properly classified as exempt requires "individualized analysis" and depends on factors including: the business channel[4] in which the employee works; underwriting level; geography; the particular manager of the employee; and the strengths and weaknesses of each individual Mortgage Underwriter.

At the notice stage, however, the standard for determining whether employees are similarly situated is a lenient one. *See*, *e.g.*, *Lewis* (granting conditional certification of a multiple-job-title class of technical support workers based on a shared job description, uniform classification as exempt employees, and similar job duties). In this case, plaintiffs introduce the declarations of five employees who attest that their primary job duty was to review mortgage loan applications based on companywide guidelines. This job description is confirmed by SunTrust: "Underwriting is responsible for processes, procedures and controls to ensure strict adherence to underwriting credit policy and does not engage in credit policy overrides or the creation of credit policy." Pls. Exh. I. at STM-001015. Moreover, plaintiffs have limited their proposed class to the Mortgage Underwriter 1, 2, and 3 positions. The essential difference in these positions identified by defendant relates to

---

[4] Mortgage Underwriters primarily work in three business divisions: (1) the retail channel involving direct sales to consumers; (2) the broker channel where SunTrust works with third-party brokers; and (3) the correspondent channel in which correspondent lenders originate mortgage loans.

the maximum size of the loan which the underwriter may approve.  At this initial stage, plaintiffs' evidence is sufficient to support their allegations that they are similarly situated with respect to their FLSA claim.  Accordingly, conditional certification is granted for purposes of notifying potential class members.

B.     Notice

Notice shall be sent to prospective class members consisting of: all persons employed by SunTrust in the United States as a Mortgage Underwriter 1, Mortgage Underwriter 2, or Mortgage Underwriter 3 at any time between three years prior to the date of this Order and July 11, 2010. The Court authorizes plaintiffs' proposed notice, attached as Exhibit Y to the Helland Reply Declaration, to be sent to potential class members with the following changes:

1) The court caption at 1:5-11 shall be removed.  Plaintiffs may include, in addition to their present subject line, the following case information: "*Gee, et al. v. SunTrust Mortgage, Inc.*, Case No. 10-1509 RS, pending in the United States District Court for the Northern District of California."

2) The phrase "to the present" at 1:15 shall be replaced with "July 11, 2010" and "July 12" at 1:21 shall be replaced with "July 11."

3) The Nicholas Kaster, LLP address listed at 2:11-14 shall include the city, state, and zip code.

4) The statement regarding court authorization at 2:26-28 shall be replaced with a section beginning with the heading "COURT AUTHORIZATION."  Underneath, the following statement shall be included: "This notice and its contents have been authorized by the United States District Court for the Northern District of California, Honorable Richard Seeborg, U.S. District Judge.  The Court has taken no position in this case regarding the merits of the plaintiffs' claims or of SunTrust's defenses."

## V. CONCLUSION

For the purposes of notifying potential class members, plaintiffs' FLSA claim is conditionally certified as a collective action.  Within two weeks of the date of this Order, SunTrust shall produce to plaintiffs' counsel the names and last known addresses of the prospective class

members defined above. Plaintiffs' counsel shall send by First Class mail the notice and consent form to each member of the prospective class within two weeks of receipt of the contact information from SunTrust. Plaintiffs' counsel may mail a reminder notice forty-five days after issuance of the first notice. Any reminder must be substantially identical in content to the first notice, but may be identified as a reminder. The prospective class members shall then have ninety days from the mailing of the first notice to postmark their consent forms.

IT IS SO ORDERED.

Dated: ~~2/17/11~~
       2/18/11

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE