MARTHA S. DOTY (CSBN 143287)
SAYAKA KARITANI (CSBN 240122)
**ALSTON & BIRD LLP**
333 South Hope Street, Sixteenth Floor
Los Angeles, California  90071
Telephone:  (213) 576-1000
Facsimile:  (213) 576-1100
martha.doty@alston.com
sayaka.karitani@alston.com

R. STEVE ENSOR (*Pro Hac Vice*)
GLENN PATTON (*Pro Hac Vice*)
**ALSTON & BIRD LLP**
One Atlantic Center
1201 West Peachtree Street
Atlanta, GA 30309-3424
Telephone: (404) 881-7000
Facsimile:  (404) 881-7777
glenn.patton@alston.com
steve.ensor@alston.com

Attorneys for Defendant
SUNTRUST MORTGAGE, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Gary Gee, Roxanne Mazarakis, and Jody Soto, individually, on behalf of others similarly situated, and on behalf of the general public,<br><br>Plaintiffs,<br><br>vs.<br><br>SunTrust Mortgage, Inc. and DOES 1-50, Inclusive,<br><br>Defendants. | Civil Case No. 3:10-CV-01509-RS<br><br>Hon. Richard Seeborg<br><br>**NOTICE OF MOTION AND MOTION TO COMPEL DEPOSITIONS OF PLAINTIFFS AND OPT-IN PLAINTIFFS; MEMORANDUM OF LAW AND POINTS OF AUTHORITIES**<br><br>**[**Filed concurrently with Declaration of R. Steve Ensor and (Proposed) Order]<br><br>Date:      December 1, 2011<br>Time:     1:30 p.m.<br>Crtrm:    3 |

## NOTICE OF MOTION AND MOTION

Please take notice that on December 1, 2011, at 1:30 p.m., in the courtroom of the Honorable Richard Seeborg of the above-mentioned Court, or earlier if so ordered in response to Defendant's anticipated Rule 6-3 Motion or Rule 6-2 Stipulation, Defendant will and hereby does move pursuant to Fed. R. Civ. P. 37, N.D. Ca. L.R. 37-1, and other applicable law for an order compelling Plaintiffs to permit Defendant to depose the named Plaintiffs and representative Opt-In Plaintiffs as noticed by Defendant on October 20, 2011.  In support of this Motion, Defendant submits the accompanying Memorandum of Points and Authorities and Declaration of R. Steve Ensor, filed concurrently herewith.  Defendant certifies that, pursuant to Fed. R. Civ. P. 37 and N.D. Ca. L.R. 37-1(a), counsel for Defendant has consulted by telephone and via written correspondence with counsel for Plaintiffs, Matthew Helland, in a good faith attempt to resolve differences.  The parties, however, were unable to reach accord.

**MEMORANDUM OF LAW AND POINTS OF AUTHORITIES**

Defendant SunTrust Mortgage, Inc. ("SunTrust" or "Defendant"), pursuant to Fed. R. Civ. P. 37, N.D. Ca. L.R. 37-1, and other applicable law, respectfully submits this Memorandum of Law and Points of Authorities in Support of its Motion to Compel Discovery, showing the Court as follows:

I.  INTRODUCTION

In an effort to expedite discovery and take the Plaintiffs' and representative Opt-In Plaintiffs depositions as quickly as possible, SunTrust served its original notice of deposition on August 19, 2011 – more than two months ago.  Since that time, Plaintiffs and Opt-In Plaintiffs have refused to make themselves available in any location other than their own backyards and have rejected every effort by Defendant to reach a compromise.  At this point Plaintiffs' unwillingness to agree to a reasonable deposition schedule has prejudiced SunTrust's ability to defend itself in this case.  Accordingly, Defendant respectfully requests that the Court grant the instant Motion to Compel the Plaintiffs' and Opt-In Plaintiffs' Depositions in either San Francisco, California; Orlando, Florida; Charlotte, North Carolina; or Richmond, Virginia as noticed on October 20, 2011.

II.  RELEVANT PROCEDURAL AND FACTUAL BACKGROUND

On June 9, 2010, Plaintiffs Gary Gee, Roxanne Mazarakis, and Jody Soto ("Plaintiffs") filed their Amended Complaint in the U.S. District Court for the Northern District of California, alleging on behalf of themselves and others similarly situated that Defendant violated the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., ("FLSA"), the California Labor Code, and the California Business and Professions Code. (Dkt. #19).  Following limited discovery focused on the conditional and class certification issues, Plaintiffs filed a Motion for Conditional Class Certification and Distribution of Judicial Notice on November 17, 2010.  (*See* Dkt. #49).  The Court entered an Order granting Plaintiffs' Motion for Conditional Certification on February 18, 2011, conditionally certifying a collective class consisting of all persons employed by SunTrust in the United States as a Mortgage Underwriter 1, 2, or 3 at any time between February 18, 2008 and July 11, 2010.  (*See* Dkt. #54).  Pursuant to the Court's Certification Order, prospective class members were given ninety (90) days from the date of the mailing of class notice to opt-in to the collective class.  (Dkt. #54, at

7). The class notice sent to potential opt-ins specifically informed them that "[i]f you join this case, you will be expected to participate in the litigation." (Ensor Decl. ¶ 3 & Ex. A). In total, 117 current and former Mortgage Underwriters 1, 2, and 3 have opted into the present action as party-plaintiffs (the "Opt-In Plaintiffs"). (*Id*.).

Pursuant to the Parties' Joint Supplemental Case Management Statement regarding the discovery limitations for merits discovery, submitted on July 29, 2011 following the close of the opt-in period, it was agreed that Defendant would be permitted to take up to 35 depositions and propound up to 25 total Interrogatories, 40 total Requests for Production of Documents, and 25 total Requests for Admission for each Opt-In Plaintiff who is deposed. (Dkt. #105). Before the Court even had a chance to weigh in on this proposal, and certainly before Defendant had an opportunity to obtain any merits discovery pursuant to this agreement, Plaintiffs filed a Motion for Partial Summary Judgment on August 11, 2011. (Dkt. # (#106). The Court subsequently denied Plaintiffs' Motion for Partial Summary Judgment without prejudice, noting that "Plaintiffs served their motion for partial summary judgment more than four months prior to the close of non-expert discovery" and "defendants have not yet deposed the named plaintiffs in this case, or obtained any discovery from the opt-in plaintiffs." (Dkt. 114, at 4).

In the hope that it would be able to conduct merits discovery prior to a substantive ruling on Plaintiffs' premature Motion for Partial Summary Judgment, on August 19, 2011, Defendant served Interrogatories and Requests for Production on 25 individual Opt-In Plaintiffs and noticed depositions for those 25 Opt-In Plaintiffs as well as the three named Plaintiffs for the week of October 3, 2011 in San Francisco, California. (Ensor Decl. at ¶ 4). While depositions in San Francisco would require counsel for Defendant to travel, it would limit such travel to one location and thereby limit inefficiency and unnecessary expense to Defendant. (*Id*. at ¶ 5). Further, Plaintiffs' counsel is located in San Francisco and this location would thus facilitate efficiencies on Plaintiffs' side. (*Id*.). In any event, San Francisco is the location where the instant action is pending and was therefore the natural choice for depositions of Plaintiffs and Opt-In Plaintiffs. (*Id*.). While the initial notice of depositions was filed expeditiously, Defendant made clear to Plaintiffs' counsel

1  that it was open to discussing issues relating to the scheduling of the depositions of Plaintiffs and
2  Opt-In Plaintiffs.  (*Id*. at ¶ 4).
3        In response to SunTrust's August 19 deposition notice, Plaintiffs' counsel informed
4  Defendant's counsel on September 6, 2011 that he would be unavailable for the depositions during
5  the week that the depositions had been noticed, and also stated that Plaintiffs and Opt-In Plaintiffs
6  would refuse to appear for depositions away from their individual home cities and that the
7  depositions would not be conducted in a four-day time period.  (*Id*. at ¶ 6).  Counsel for Defendant
8  agreed to reschedule the depositions in light of Plaintiffs' counsel's scheduling conflict, and sought
9  to compromise regarding the issue of the deposition locations.  (*Id*.).  During discussions in this
10 regard, Plaintiffs' counsel reiterated Plaintiffs' position that Defendant must travel to each
11 deponent's home city, and indicated that Plaintiffs were not prepared to propose or even consider
12 any alternative.  (*Id*. at ¶¶ 6-7).  In an effort to work through the parties' dispute, counsel for
13 Defendant suggested that Plaintiffs consider appearing for depositions in one of three separate
14 locations throughout the country in an effort to better convenience them, e.g., San Francisco,
15 California; Orlando, Florida; and either Charlotte, North Carolina or Richmond, Virginia. (*Id*. at ¶ 7).
16 Plaintiffs' counsel again insisted that the depositions would occur only in locations convenient to
17 each Plaintiff and Opt-In Plaintiff and refused to offer any suggestions for centralized deposition
18 locations.  (*Id*.).
19       In yet another attempt to resolve the dispute about the deposition locations, counsel for
20 Defendant proposed on October 14, 2011 that a fourth city be added to the schedule in order to better
21 accommodate Plaintiffs' travel preferences.  (*Id*. at ¶ 8).  In an email dated October 17, 2011,
22 Plaintiffs' counsel informed counsel for Defendant that the Plaintiffs would not agree to SunTrust's
23 proposal and were insistent that SunTrust choose between either (1) taking telephonic depositions,
24 which would completely deprive Defendant of its right to cross examine the Plaintiffs face-to-face
25 and, among other things, observe their demeanors, or (2) conducting depositions in 14 different
26 cities scattered throughout the country.  (*Id*. at ¶ 9 & Ex. C).  Notably, in many instances, the city
27 proposed on the basis of a purported undue hardship to individual Plaintiffs and Opt-In Plaintiffs
28

3
DEFENDANT'S FED. R. CIV. P. 56(d) MOTION – Case No. 3:10-CV-01509-RS

LEGAL02/32934722v1

1  should he or she be required to travel to another location was within reasonable driving distance to
2  one of the cities initially suggested by Defendant.  (*Id*.).
3        In light of Defendant's need to commence the noticed depositions and the fact that
4  discussions between the parties failed to yield any agreement as to deposition location, Defendant re-
5  noticed the 28 depositions at issue to take place in four (4) separate weeks[1] in four (4) separate
6  cities—namely San Francisco, California; Orlando, Florida; Charlotte, North Carolina; and
7  Richmond, Virginia—matching each deponent with the city nearest his or her hometown.  (*Id*. at ¶
8  10 & Ex. D).  In the cover letter to Plaintiffs' counsel enclosing the notice, SunTrust made clear that
9  it was willing to even further compromise in that if there were four alternate cities which Plaintiffs
10 deemed more convenient it would consider such suggestion.  (*Id*.).  On October 24, 2011, Plaintiffs'
11 counsel responded that Plaintiffs could not agree to the depositions as noticed and again failed to
12 offer any reasonable alternative or compromise in any way.  (*Id*. at ¶ 11 & Ex. E).  As a result,
13 SunTrust was left with no choice but to seek the Court's intervention on the issue of the location of
14 Plaintiffs' and representative Opt-In Plaintiffs' depositions.

## III. ARGUMENT AND CITATION OF AUTHORITY

### A. The Named Plaintiffs' Depositions Should be Conducted in San Francisco, California.

As a general rule, which has been repeatedly recognized by courts in the Ninth Circuit, a plaintiff is required to make himself or herself available for deposition in the district in which suit was brought.  *Dieng v. Hilton Grand Vacations Co.*, No. 2:10-cv-01723-LDG-PAL, LLC, 2011 WL 812165, at *1-2 (D. Nev. March 1, 2011) (explaining that "[i]n the absence of a showing of good cause, a plaintiff is required to make herself available for a deposition in the district in which the suit was filed" and finding that plaintiff failed to establish good cause to have depositions in Massachusetts rather than Nevada); *Joseph v. Las Vegas Metropolitan Police Dept*., No. 2:09-cv-00966-HDM-LRL, 2010 WL 3238992, at *6 (D. Nev. Aug. 13, 2010) (granting defendants' motion

---

[1] Counsel for Defendant agreed to spread the depositions over a four-week period, as opposed to the four-day period as originally noticed, in an effort to address Plaintiffs' counsel concern that deposition period initially proposed would be unworkable and not allow him sufficient time to prepare his witnesses.

to compel depositions in Las Vegas, Nevada, where case was filed, noting that "[a]s a normal rule plaintiff will be required to make himself or herself available for examination in the district in which suit was brought" and that "[i]t is the plaintiffs' burden 'to show good cause for varying from the normal rule'"); *Hutchens v. Hutchens-Collins*, No. CV-04-281-ST, 2005 WL 6073698, at *3 (D. Or. Dec. 15, 2005) (denying plaintiff's motion for telephonic depositions, explaining that "[i]n the absence of a showing of good cause, a plaintiff is required to make himself available for a deposition in the district in which the suit was filed" and finding alleged medical reasons did not constitute good cause).  Accordingly, with respect to the three Named Plaintiffs, there is no question that they should be compelled to appear for their depositions in San Francisco as noticed.

> B. The Opt-In Plaintiffs' Depositions Should Likewise be Conducted in San Francisco, California, and thus Defendant's Motion to Compel Appearance in the Noticed Locations More Convenient to the Opt-Ins Clearly Must be Granted.

While opt-in plaintiffs in FLSA collective actions do not initially choose the forum, they too are subject to the general rule that plaintiffs are to be deposed in the forum in which the case was filed in light of the fact that they joined the lawsuit well aware of its location, voluntarily submitted themselves to the jurisdiction of the forum, and stand to gain a substantial monetary sum as a result of joining the case.  *Clayton v. Velociti, Inc.*, No. 08-2298-CM/GLR, 2009 WL 1033738, at *2 (D. Kan. April 17, 2009) (denying plaintiffs' motion for protective order to have deposition taken either in three separate states outside jurisdiction or via telephone, rejecting plaintiffs' argument that request to take depositions where plaintiffs reside should be granted as a matter of public policy given the broad remedial purpose of the FLSA, noting that the "affected Plaintiffs either filed the action (and selected the venue) or opted into it aware of its location"); *Xavier v. Belfor USA Group, Inc.*, Nos. 06-0491, 06-7804, 08-3736, 2009 WL 3231547, at *5 (E.D. La. Oct. 2, 2009) (denying plaintiffs' request in FLSA collective action to have depositions in mutually convenient locations or at plaintiffs' place of residence, instead ordering depositions in district where suit filed, noting that "given the numerosity of plaintiffs, [the defendant] would have to travel to approximately six countries to depose all representative or individual plaintiffs," that the "naked assertions by

plaintiffs' counsel of undue hardship are inadequate," and that "[the Court] cannot ignore that plaintiffs voluntarily submitted themselves to the jurisdiction of this forum"); *Gipson v. Southwestern Bell Telephone Co.*, No. 08-2017-KHV-DJW, 2008 WL 4499972, at *5-6 (D. Kan. Oct. 1, 2008) (denying plaintiffs' motion for protective order in FLSA collective action, where defendants sought to depose group of opt-in plaintiffs in Kansas City (where the case was pending), and plaintiffs argued that the depositions should be conducted in El Paso, Texas (where the employees resided)); *Trinos v. Quality Staffing Servs. Corp.*, 250 F.R.D. 696, 699 (S.D. Fla. 2008) (denying plaintiff's motion for protective order in FLSA case where plaintiffs argued that depositions should be conducted near plaintiffs' residence or via telephone, rather than at defendant's counsel's office)*; see also U.S. v. Rock Springs Vista Development*, 185 F.R.D. 603, 604 (D. Nev. 1999) (denying intervenors' motion for protective order arguing that depositions should be conducted via telephone, noting that intervenors are in the same position as plaintiffs who "stand[] to gain a substantial monetary sum and/or other beneficial relief as a result of suing a defendant," holding that intervenors "cannot invoke the mere fact of inconvenience or expense as a legitimate reason to refuse to appear" and further noting the "normal rule" that a "plaintiff will be required to make himself or herself available for examination in the district in which suit was brought").

   Based on the foregoing authority, it is clear that SunTrust would be justified in seeking to compel the depositions of all 25 of the representative Opt-In Plaintiffs in San Francisco as originally noticed. Indeed, Opt-In Plaintiffs were all informed that their participation in this Northern District of California lawsuit would be required. (*See* Ensor Decl. ¶ 3 & Ex. A). Plaintiffs' counsel's claim that appearance in San Francisco would inconvenience the Opt-In Plaintiffs clearly falls far short of the "undue" burden they would need to demonstrate in order to obtain a protective order preventing the depositions from taking place there. *See Gipson*, 2008 WL 4499972, at *4; *Trinos*, 250 F.R.D. at 698.

   It is also clear that the alternative proffered by Plaintiffs' counsel to conduct the depositions in fourteen (14) separate cities in seven (7) states throughout the country would be extremely costly and inefficient for all parties involved, weighing heavily against Plaintiffs' position on the issue of

6
DEFENDANT'S FED. R. CIV. P. 56(d) MOTION – Case No. 3:10-CV-01509-RS

LEGAL02/32934722v1

deposition locations. *Clayton*, 2009 WL 1033738, at *2 (fact the "Plaintiffs would require the parties to travel" to only three states outside of the jurisdiction weighed against Plaintiffs position). Plaintiffs' suggestion that the depositions be conducted via telephone is similarly unreasonable, as the limitations and pitfalls of telephonic depositions are obvious. *See, e.g.*, *Del Castillo v. Wash. State Dept. of Soc. & Health Servs.*, No. C05-1122 JLR, 2007 WL 30873, at *2 (W.D. Wash. Jan. 4, 2007) ("A telephonic deposition…will not allow defense counsel to adequately observe [plaintiff's] demeanor to prepare for trial."); *Thompson v. Jiffy Lube, Intern., Inc.*, No. 05-1203-WEB, 2007 WL 608343, at *2 (D. Kan. Feb. 22, 2007) ("The ability to observe a party as he or she answers deposition questions is an important aspect of discovery which the court will not modify except in cases of extreme hardship."). For all of these reasons, Defendant submits that, while entirely appropriate to compel depositions of the 25 representative Opt-Ins in San Francisco, at a minimum they should be compelled to appear in one of the four cities that SunTrust proffered to Plaintiffs' counsel in the spirit of compromise.

IV. CONCLUSION

Plaintiffs' unwillingness to agree to a reasonable deposition schedule has impermissibly delayed depositions of the Plaintiffs and Opt-In Plaintiffs. Accordingly, so that it can avoid any further prejudice to its ability to defend itself in this case, Defendant respectfully requests that the Court GRANT this Motion and enter an Order compelling Plaintiffs and Opt-In Plaintiffs to make themselves available in the cities noticed on October 20, 2011 in accordance with the schedule set forth therein.

| | | |
|---|---|---|
| 1 | | |
| 2 | DATED: October 26, 2011 | MARTHA S. DOTY<br>SAYAKA KARITANI<br>R. STEVE ENSOR<br>GLENN PATTON |
| 3 | | |
| 4 | | **ALSTON & BIRD LLP** |

/s/ R. Steve Ensor
R. Steve Ensor

Attorneys for Defendant
SUNTRUST MORTGAGE, INC.

LEGAL02/32934722v1